JEAN A. HULL, AN INFANT, BY HER GUARDIAN *AD LITEM*, WILLIAM J. HULL, AND WILLIAM J. HULL INDIVIDUALLY, PLAINTIFFS, v. NANCY WEIR, DOROTHY A. WEIR, HER MOTHER, AND HENRY A. SILVERTHORNE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 19, 1973.

*Mr. William A. Feldman,* for plaintiffs.

*Mr. Kenneth J. Fost,* for defendants Nancy Weir, and Dorothy A. Weir (*Messrs Stevens and Mathias,* attorneys).

*Mr. Edward G. D'Alessandro* for defendant Silverthorne (*Messrs Friedman and D'Alessandro,* attorneys).

GASCOYNE, J. C. C., Temporarily Assigned. This matter comes before the court on a very narrow issue: whether Jean

A. Hull, who has now attained the age of 18, can sign a release without the necessity of the court approving the settlement.

Jean A. Hull was an infant at the time of the accident. As a result of a settlement conference this matter has now been settled in the sum of $2,500. Prior to the adoption of *N. J. S. A.* 9:17B–1 *et seq.*, it would have been necessary for the court to approve the settlement. Counsel for defendant argues that pursuant to *N. J. S. A.* 9:17B–3, which provides in part, "Except with respect to the provisions of *N. J. S.* 2A:14–21, with respect to the right of a court to take any action it deems appropriate and in the interest of a person under 21 years of age, or to require a change in action heretofore taken by a court with respect to a person under 21 years of age, * * *", the court should require a "friendly".

A reading of the statute shows clearly that, except in certain limited instances, the legislative intent was to give all the rights and obligations formerly reserved in a 21-year-old to 18-year-olds. It is equally clear that, for the protection of the individual, certain discretion was vested in the court both prior to and subsequent to January 1, 1973. The Legislature intended that such discretion remain intact. It is beyond argument that prior to adoption of *N. J. S. A.* 9:17B–1 *et seq.*, if an 18-year-old was injured in an accident, he could settle his case without judicial approval upon reaching 21. There is no valid distinction between this situation and the present one in which the injured party has reached majority, 18 years of age.

No "friendly" is necessary in this matter.